## NEW YORK LIFE INSURANCE CO v HOSBROOK

Ohio Appeals, 3rd Dist, Mercer Co

No 441.   Decided July 1, 1933

Arnold, Wright, Purpus & Harlor, Columbus, for plaintiff in error.

B. A. Myers, Celina, for defendant in error.

## OPINION

By KLINGER, J.

The insurance company claims said answers were wilfully false, fraudulently made, and were material and induced the company to reinstate the policy; that but for said answers and representations, said policy would not have been reinstated. This defense, if established, would bar the plaintiff from any recovery. Necessarily, the burden of proof was on the defendant to prove this defense.

Sec 9391 GC, provides that:

"No answer to any interrogatory made by an applicant in his or her application for a policy, shall bar the right to recover upon any policy issued thereon * * * unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued;

and, also that THE AGENT OR COMPANY HAD NO KNOWLEDGE OF THE FALSITY OR FRAUD OF SUCH ANSWER."

Plaintiff in his reply to the answer of the insurance company, averred that the agent of the company had full knowledge of the facts, and he offered evidence to substantiate this averment.

The issues tendered by these pleadings were submitted to the jury, and under the law of procedure in this state, the reviewing court has no authority to interfere with the findings and conclusions of the jury as to issuable facts, even though in the opinion of the court the conclusion of the jury is wrong, if there is evidence in the record justifying the conclusion as found by the jury and that such conclusion is not manifestly against the weight of the evidence.

Under the provisions of §9391, GC, above mentioned, the insurance company in order to establish its defense to the action, was required to clearly prove that such answer:

1. Was wilfully false.
2. Was fraudulently made.
3. That it was material.
4. That it induced the company to issue the policy.
5. That but for such answer the policy would not have been issued.
6. That the agent or company had no knowledge of the falsity or fraud of such answer.

On the trial, the court admitted evidence offered by the company tending to prove five of the six elements above mentioned, but the evidence offered by the insurance company tending to show that but for such answer the policy would not have been issued, was excluded by the court.

In its charge, the court instructed the jury that the insurance company was required to clearly prove all the six elements above mentioned in order to avail itself of such defense.

The evidence on one of the elements having been excluded by the court, the charge as given, amounted to a direction to the jury to return a verdict for the plaintiff, because in excluding the testimony on the element above mentioned, the court made it impossible for the insurance company to prove its defense to the action. The exclusion of the evidence mentioned, was clearly prejudicial error.

The defendant contended in its brief, that there was no evidence tending to show that the death of the insured resulted from accident as defined and limited in the policy of insurance and that consequently it was, as a matter of law, not liable for the double indemnity provided in the policy.

We have carefully read the evidence and from such reading are of the opinion that the jury could fairly draw an inference therefrom, that the death was the result of an accident as defined and limited in such policy, and that consequently it was not error for the court to submit the question of the liability of the company for double indemnity for accident, to the jury.

For the error hereinbefore mentioned, the judgment will be reversed and the cause remanded to the Court of Common Pleas for a new trial.

GUERNSEY, J, concurs.
CROW, PJ, dissents.

CROW PJ, dissenting:
To the extent the majority of the court hold there is no reversible error on the face of the record, excepting in one particular, I concur.

The assignment of error which they sustain namely the exclusion of evidence tending to prove that the insurance company would not have issued the policy but for the alleged fraud committed by the insured, in my opinion was not prejudicial, because of the doctrine announced in Sites v Haverstick, 23 Oh St 626, which doctrine has become so thoroughly rooted into the law of Ohio, one should indeed be brave, who would now challenge it, however much it has been heretofore assailed.

Without citing the myriad of reported cases decided by the Supreme Court, the Circuit Courts and Courts of Appeals throughout the many years following the announcement of the doctrine, it seems sufficient to suggest that its structure is such that in order to constitute reversible error the record should be so made in the trial court, as to show plainly the prejudice of the claimed error, by appropriate findings when a general verdict is returned.

Applying the doctrine to the instant case, it will be seen that the defense which was an affirmative one, consisted of six issues. So, the general verdict in favor of the plaintiff, was, for the purpose of application of the doctrine, a finding in plaintiff's favor, and against defendant insurance company, not different in substance from a general verdict in favor of defendant, where the plaintiff's cause of action rested on more than one issue. A case, directly in point, is 107 Oh St 33.

In the case at bar, there being a general verdict and no findings, the plural issue rule (ofttimes miscalled the two issue rule, because in many instances as in this case there are more than two issues) which is the doctrine announced in Sites v Haverstick, supra, requires the conclusive presumption, that five issues involved in the defense, namely wilful falsity, fraudulent making, materiality, inducement of the company to issue the policy, and that the agent of the company had no knowledge of the falsity or fraud of the answer, were each and all found to be sustained by the evidence, none of which findings could not be held to be against the weight of the evidence, and none of which is otherwise attended by reversible error.

Such conclusively presumed finding even as to one of those five issues, unattended by reversible error, makes inconsequential, and therefore unavailable, the error which arose by the exclusion of the evidence offered by defendant in proof of one of the six issues namely, that the policy would not have been issued but for the wilful, fraudulent and material answer of the insured.

Upon trial in the court below, the trial court sustained an objection by defendant to the introduction of any evidence for plaintiff, on the ground that the petition did not state a cause of action—the statements of counsel indicating that the contract sued upon was oral. The court held that a contract for the wrecking of a house, was a contract within the statute of frauds, and hence must be evidenced by a memorandum in writing, signed by the party to be charged; and there being no writing in the instant case, that the contract could not be enforced.